[844 NYS2d 763]

In the Matter of GERALD JOHN D'AMBROSIO, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 9, 2007

### APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Gerald J. D'Ambrosio*, Boca Raton, Florida, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 25, 1969. By order entered October 19, 2006, he was suspended by the Supreme Court of Florida for a period of one year, effective November 18, 2006, for misconduct that included failing to comply with disciplinary rules during a previously imposed period of suspension, failing to provide competent representation and charging an excessive fee. Upon receipt of a certified copy of the order of suspension, this Court, by order entered September 12, 2007, directed respondent to show cause why reciprocal discipline should not be imposed pursuant to 22 NYCRR 1022.22. Respondent appeared before this Court and argued that he was deprived of due process in the Florida proceeding because he was not afforded an opportunity to present mitigating factors, that the determination was not supported by sufficient evidence and that the imposition of reciprocal discipline would be unjust.

Pursuant to 22 NYCRR 1022.22, an attorney disciplined in another jurisdiction may be disciplined by this Court for the underlying misconduct unless we find that the procedure in the foreign jurisdiction deprived the attorney of due process of law, that there was insufficient proof that the attorney committed the misconduct or that the imposition of discipline would be unjust.

We find that respondent was not deprived of due process of law in the Florida proceeding. He was given notice of the charges against him and was afforded a hearing. Nor is there any basis upon which to find that there was insufficient proof that respondent committed the misconduct. Following the hearing, at which respondent testified, the Referee recommended disbarment. The Supreme Court of Florida, upon its review of the record, sustained most of the charges, rejected the recommendation of the Referee regarding a sanction and imposed a period of suspension of one year. Consequently, we disagree with respondent that the imposition of a period of suspension by this Court would be unjust. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for a period of one year, effective November 18, 2006, and until further order of the Court.

GORSKI, J.P., LUNN, FAHEY, GREEN and PINE, JJ., concur.

Order of suspension entered.