[908 NYS2d 376]

In the Matter of GERALD J. D'AMBROSIO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, October 1, 2010

**APPEARANCES OF COUNSEL**

*Andrea E. Tomaino, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Gerald J. D'Ambrosio*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 25, 1969. By order entered November 9, 2007, this Court suspended respondent for a period of one year pursuant to 22 NYCRR 1022.22, effective November 18, 2006, and until further order of the Court, based upon his suspension in Florida for misconduct that included failing to comply with disciplinary rules during a previously imposed period of suspension, failing to provide competent representation and charging an excessive fee (*Matter of D'Ambrosio*, 46 AD3d 172 [2007]).

Respondent was disbarred by the Supreme Court of Florida in November 2009 for misconduct that included engaging in the unlicensed practice of law in Illinois and continuing to practice law in Florida while he was suspended (25 So 3d 1209 [2009]). Upon receipt of a certified copy of the Florida order of disbarment, this Court, by order entered June 23, 2010, directed respondent to show cause why reciprocal discipline should not again be imposed pursuant to 22 NYCRR 1022.22. Respondent appeared before this Court and contended that he was deprived of due process when the Referee in the Florida proceeding took judicial notice of an Illinois Rule of Professional Conduct relating to the unauthorized practice of law, that the determination disbarring him from the practice of law in Florida was not supported by sufficient proof and that the imposition of reciprocal discipline would be unjust. We reject respondent's contentions.

Pursuant to 22 NYCRR 1022.22, an attorney disciplined by another jurisdiction may be disciplined by this Court for the underlying misconduct unless we find that the procedure in the foreign jurisdiction deprived the attorney of due process of law, that there was insufficient proof that the attorney committed the misconduct or that the imposition of discipline would be unjust. We find that respondent was not deprived of due process of law in the Florida proceeding. He acknowledges that he was given notice of the charges against him and was afforded a hearing. Additionally, respondent's contention regarding judicial notice of the Illinois rule was considered and rejected by the Supreme Court of Florida. Nor is there any basis upon which to find that there was insufficient proof that respondent committed the misconduct or that the imposition of reciprocal discipline would be unjust. Following a hearing in Florida, at which respondent was represented by counsel and testified in his own defense, the Referee recommended disbarment. The Supreme Court of Florida, upon its review of the record and consideration of the brief and reply brief submitted by respondent, sustained

the charges and approved the recommended sanction, noting the absence of mitigating factors, commission of cumulative misconduct and respondent's extensive disciplinary history. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be disbarred.

SMITH, J.P., CENTRA, FAHEY, SCONIERS and GORSKI, JJ., concur.

Order of disbarment entered.